UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERIKA FOSKEY,

                    Plaintiff,                          **MEMORANDUM**
                                                      **AND DECISION**
          -against-                             CV 24-1143 (AYS)

UNITED STATES OF AMERICA,

                    Defendant.
-------------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

This is a case alleging the negligence of a postal service truck driver (the "Driver") who hit the pedestrian Plaintiff with his postal service vehicle (the "Postal Vehicle"). Presently before the Court are the parties' cross-motions for summary judgment. Plaintiff moves for summary judgment on the issue of the Driver's negligence. Defendant moves for summary judgment on the issue of the extent of Plaintiff's injuries – arguing that they are not "serious injuries" that were proximately caused by the Accident within the meaning of the New York Insurance Law. The motions have been fully briefed and oral argument has been held.

BACKGROUND

The facts surrounding the incident forming the basis of the lawsuit (the "Accident") are largely undisputed. All agree that the Accident took place after the Driver executed a right hand turn from a street known as Nassau Road, onto a street known as Harding Street. It is also agreed that after executing the turn the Postal Vehicle hit the Plaintiff. There is no question but that at the time of the turn there was an illegally parked van (the "Van") on Nassau Road. There is also no question but that the Van obstructed the view of the Driver. Thus, the Driver testified at deposition that the presence of the Van presented an "issue" for him when executing the turn. (Transcript of Deposition of Raje Trulloch ("Trulloch Tr."), appearing on the docket herein

1

("DE") at [30-2] at p. 15).  The Driver also testified as to a conversation he had with his superior

stating that when he was making the turn on to Harding Street he "came into contact with the

victim because [he] couldn't see around the [Van] that was parked on the corner." DE [30-2] at

28. Further, a statement made by the Driver at the time of the Accident indicated that "[i]t was

very difficult to see around the van when making the turn". DE [30-2] at 31. The driver's

handwritten statement similarly states that the Van "obstructed [his] view of the upcoming turn

making it difficult to see the pedestrian who was crossing the street." He further stated "[a]s I

proceeded to make the turn onto Harding Street, I hit the pedestrian who was holding a cup of

coffee and her phone in her hand." DE [30-2] at 45. While the Government does not, and indeed

cannot, dispute these facts, it argues that questions regarding the conduct of the Plaintiff remain

at issue.

As to injuries, Plaintiff submits medical records that include her hospital records

following the Accident (where she was taken via ambulance) as well as the records of her

treating physicians and surgeons. Plaintiff also submits radiology, orthopedic and pain

management records. Plaintiff's counsel indicated at oral argument that these treaters will be

testifying at trial regarding Plaintiff's injuries and treatment. Finally, Plaintiff submits her

declaration regarding her ongoing complaints of pain and limitations. For their part regarding

injuries, the Government has submitted the opinion of an examining orthopedist. The

Government also submitted surveillance video of the Plaintiff which shows her walking.

<u>DISPOSITION OF THE MOTIONS</u>

Upon review of the motion papers, the documents submitted along with those papers, and

oral argument, the Court hereby denies both motions. As to the Government's motion, it is clear

that questions of fact regarding the severity of Plaintiff's injuries preclude any decision on

summary judgment as to whether or not Plaintiff's injuries pass the required statutory threshold. While the Government indicated that it was considering interposing a Daubert motion, it seems clear, at this juncture, that the Government's attacks on the treating physician and surgeon records are matters for cross-examination, and do not require dismissal of the Plaintiff's case by way of motion. The Government may also test Plaintiff's testimony regarding her pain and limitations at trial. Accordingly, the Government's motion for summary judgment, as set forth on the record, is denied.

The Plaintiff's motion presents a closer question. The Court agrees with the Government that many cases require a trial to determine exactly what occurred during a vehicular accident. Here, however, most of those factual questions are answered. As discussed above, the Driver made a turn onto a street where his range of vision was obstructed. While the actions of the Plaintiff are not similarly clear, those actions go to the issue of her comparative negligence and do not, generally, preclude a finding of negligence on the part of the Driver. Rodriguez v. City of New York, 31 N.Y.3d 312, 324-25 (2018); see Joseph v. STMR Inc., No. 19-cv-125 (ENV) (RER), 2022 WL 5173669, *10 (E.D.N.Y. Aug. 24, 2022). The Court will undoubtedly hear additional testimony regarding the Accident and Plaintiff's version of the events at trial. The Court denies the motion at this time, without prejudice to raising by way of appropriate motion at the close of the presentation of evidence at trial on the issue of liability.

CONCLUSION

For the foregoing reasons the parties' cross-motions for summary judgment are both denied. Trial of this matter shall commence on October 19, 2026. The first two witnesses to testify shall be the Plaintiff and Defendant. The Court will allow one day for that testimony. Thereafter the treaters and experts shall testify. A proposed joint pretrial order shall be filed on

3

September 15, 2026. All motions in limine, including any <u>Daubert</u> motions shall be served on opposing counsel four weeks prior to trial with responses due two weeks thereafter.  There shall be no replies.


Dated:  Central Islip, New York
        August 5, 2026

                                        /s/ Anne Y. Shields            
                                        Anne Y. Shields
                                        United States Magistrate Judge